HARDY, Judge.
Plaintiff sued on a verbal contract to recover the sum of $535.24 representing the labor and materials furnished in the construction of a large truck trailer for defendant. After trial there was judgment in favor of plaintiff in the full amount prayed, from which judgment defendant has appealed.
Plaintiff alleged a verbal contract and agreement with defendant under which plaintiff bound himself to construct a trailer in accordance with the general instructions and specifications given by defendant in consideration of the payment of the sum of $350 representing cost of labor, plus such additional amounts as might be expended by plaintiff for parts and materials; that the building of the trailer was completed within a period of approximately three weeks, delivered to and received by the defendant, who continued in the possession and use thereof, and that plaintiff had furnished parts and materials in a total amount of $174.75, together with the sum of $10.49 paid as sales tax, for which amounts he claimed recovery in addition to the sum of $350 representing the agreed price for his labor.
In answer defendant generally denied the allegations of plaintiff’s petition but admitted the existence of an agreement for the building of the trailer, averring that the sum of $75 was the price agreed for plaintiff’s work and labor in building the trailer.
The record establishes most of the facts beyond question. Plaintiff is engaged in and operates a shop for making and repairing movable goods and machinery. A few months before beginning construction of the trailer which is here involved, plaintiff had built a small two-wheel trailer for defendant for the sum of $75. The trailer which was subsequently constructed, under the agreement here sued upon, was a heavy-duty eight-wheel vehicle approximately 20 feet in length and 8 feet in width, provided with a hinged ramp and designed for carrying heavy loads, particularly tractors and other machinery. The trailer was constructed of steel I-beams, reinforced with channel iron and heavy iron plates. The construction of the vehicle required between two and three weeks time, and, upon completion, it was delivered to and, apparently, satisfactorily used by defendant.
The only issue which appears to be presented by this appeal requires simply the *851 determination of the fact as to whether plaintiff is entitled to the sum of $350 for his labor in constructing the trailer or to the sum of $75 as contended by defendant. No real point seems to have been raised with reference to the actual expenditure of the amounts claimed by plaintiff for materials and sales tax, which expenditures appear to be amply substantiated by the record.
We note that counsel for defendant urges the application of Article 2277 of the LSA-Civil Code requiring proof of contracts or agreements above $500 in value by at least one credible witness and other corroborative circumstances, which point was given due consideration by the district judge in his written opinion. We question the applicability of the article under the circumstances of the instant case inasmuch as it was not necessary for plaintiff to prove a contract or agreement involving an amount in excess of $500. The defendant admitted the existence of an agreement and further admitted, in answer, his liability to the extent of $75 as compensation for plaintiff’s labor. This admission served to reduce the difference claimed by plaintiff to an amount of less than $500. Additionally, if we consider defendant’s liability for materials and parts furnished by plaintiff, with reference to which he makes no contest, the amount is still further reduced. As a consequence, the actual amount in contest in this suit involves the sum of $275 since plaintiff claims $350 and defendant admits an obligation to the extent of $75.
It follows, in our opinion, that consideration of the requirements of the codal article in connection with the facts in the instant case would be purely academic, in any event, this question is rendered still more abstract in nature because, as quite properly found by the district judge, the plaintiff has successfully met the requirements of the Article in that he has established his contention by one credible witness and other corroborating circumstances.
We think no good purpose would be served by recapitulating in detail the testimony of the witnesses on trial of the case. Examination of the testimony convinces us beyond any possibility of doubt that plaintiff has made out his case by far more than the requisite preponderance of evidence. Indeed, the facts and circumstances, in themselves, speak so convincingly that they scarcely require the attestation of human witnesses. The contention of defendant that an individual engaged in plaintiff’s business would devote his labor and skill in constructing a vehicle of the nature here involved over a period of some two to three weeks for the remuneration of a mere pittance of $75 is so utterly unreasonable that it can only be regarded as absurd. That this has been fully realized by defendant’s counsel is evident from the conclusion of his brief before this court by which he urges a reduction of the judgment to a total sum not exceeding $375.
We find no error in the resolution of this case as made by our distinguished brother of the district court and it follows that the judgment appealed from should be, and accordingly it is, affirmed at appellant’s cost.